OPINION
Aaron Hacker entered guilty pleas to two counts of aggravated vehicular homicide, which are second degree felonies. The trial court imposed consecutive seven year sentences, the aggregate of which exceeded the maximum sentence for a single count of aggravated vehicular homicide by six years. See R.C. 2929.14(A)(2).
Hacker's appeal is confined to the sentence imposed. We will consider his assignments of error in reverse order.
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES IN AN AGGREGATE AMOUNT WHICH EXCEEDS THE MAXIMUM PRISON TERM ALLOWED PURSUANT TO R.C. § 2929.14(A) AND R.C. § 2953.08(C).
R.C. 2953.08(C) permits a defendant to seek leave to appeal where the consecutive sentences imposed exceed the maximum sentence for the most serious offense of which the defendant was convicted. That situation is presented here.
Pursuant to App.R. 5(C), Hacker has utilized this assignment of error as his motion for leave to appeal which we will sustain.
Under this assignment, Hacker also asks us, pursuant to R.C.2953.08(G)(2), to "eliminate the consecutive sentences imposed by the trial court." We decline to do so. First, we reject any suggestion that consecutive sentences may not exceed the maximum sentence allowable for the most serious offense of which a defendant is convicted. R.C.2929.14(E), pursuant to which the trial court imposed consecutive sentences, provides at subsection (5):
 When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed.
See also State v. Gonzalez (June 30, 1999), Allen App. 1-98-84, unreported. Second, we are not convinced on this record that the trial court cannot justify the sentence imposed, although — pursuant to the first assignment of error — we are constrained to vacate Hacker's sentence and remand for re-sentencing.
As it seeks relief from the sentence, the second assignment is overruled.
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES CONTRARY TO R.C. § 2929.14(E)(4) AND R.C. § 2929.19(B)(2)(c).
As material to this assignment, the trial court's remarks when it sentenced Hacker are as follows:
. . . Considering the factors involved, the defendant did have a prior offense or conviction of driving while under the influence of alcohol and was in the diversion program back in 1998 so he has received alcohol counseling and is aware of the effect that has with respect to the operation of a motor vehicle.
 The defendant did have a criminal damaging conviction in 1998 and did have a violation for an open container and disorderly conduct in 1998, Fairborn, Ohio.
* * * *
 The Court will sentence the defendant in Count 1 to seven years at the Ohio State Penitentiary, and the Court will sentence the defendant in Count 4 to seven years in the Ohio State Penitentiary.
 The sentencing range is a period of two years minimum to eight years maximum. The Court finds that the minimum sentences would demean the seriousness of the offense; and, therefore, I would impose a seven-year sentence rather than a minimum sentence.
 The Court further finds that the harm is so great in this case that a single term would not adequately reflect the seriousness of the conduct; and, therefore, the imposition of the seven-year sentences will be consecutive to each other for a total sentence of 14 years at the state penitentiary.
 I find that is consistent with the state sentencing statute for imposition of sentences where the harm is to [sic] great or unusual that a single term would not adequately reflect the seriousness of the conduct.
As material to this assignment, the trial court's sentencing entry provides as follows:
 The Court has considered the factors under Ohio Revised Code Section 2929.12(D) and finds that the defendant has prior delinquency or convictions.
 The Court finds pursuant to Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct.
 Pursuant to Revised Code Section 2929.14(E), the Court finds for the reason stated on the record that consecutive sentences are required by law pursuant to division (E)(1) or (E)(2) of Revised Code Section 2929.14.
 The Court also finds that the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct.
Hacker contends that the sentencing was deficient in certain respects, and the state — with commendable candor — agrees that the case must be remanded for re-sentencing.
R.C. 2929.14(E)(4) states:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Hacker correctly observes that the court made no finding that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender" or (2) that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct or to the danger the offender poses to the public."
Hacker also correctly observes that R.C. 2929.14(E)(1), (2) are not implicated by the facts of this case.
Hacker also correctly observes that R.C. 2929.19(B)(2)(c) required the trial court to give its reasons for imposing consecutive sentences. Case law has interpreted R.C. 2929.19(B)(2)(c) as requiring more than the findings required by R.C. 2929.14(E)(4). State v. Johnson (September 29, 2000), Franklin App. No. 99 AP 1463, unreported. See also, State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court's remarks and sentencing entry do not contain its reasons for sentencing Hacker consecutively.
Finally, Hacker contends there is no factual support for the trial court's finding pursuant to R.C. 2929.14(E)(4)(b). Because we are remanding this matter for re-sentencing that comports with statutory requirements as to findings and reasons, we believe it would be premature for us to address this contention now. For the reasons stated, the consecutive sentences will be vacated and the matter will be remanded for re-sentencing.
The first assignment is sustained.
 ____________ WOLFF, P. J.
BROGAN, J., and GRADY, J., concur.